**In re ANCHOR GLASS CONTAINER CORPORATION, Debtor.**

**No. 8:05–bk–15606–ALP.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 21, 2005.

Cahill Gordon & Reindel LLP, New York, NY, Cohen & Grigsby, P.C., Pittsburgh, PA, Hywel Leonard, Kathleen S. McLeroy, Robert M. Quinn, Robert A. Soriano, Carlton Fields PA, Tampa, FL, for Debtor.

### *ORDER ON MOTION TO APPOINT A COMMITTEE TO REPRESENT RETIRED EMPLOYEES PURSUANT TO SECTION 1114 OF THE BANKRUPTCY CODE*

(Doc. No. 585)

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration in the Chapter 11 case of Anchor Glass Container

Corporation (the Debtor) is a Motion to Appoint a Committee to Represent Retired Employees Pursuant to Section 1114 of the Bankruptcy Code (Doc. No. 585), filed by Robert L. Simmons, Edna Rusnak, and Hiram Miller (together, the Movants) (the Motion to Appoint). The Motion to Appoint seeks an Order Appointing a Committee for the Retirees of the Debtor. The Motion to Appoint requests a narrow form of relief, the appointment of a committee, but is presented for this Court's consideration in a complex but somewhat obscure history, not only of this Debtor, but also if its predecessor corporate entities. In addition, the Motion to Appoint brings into an interplay of Sections 1114(d), (e) and (l) of the Bankruptcy Code.

Before considering the application of these sections to the narrow and limited issue, which is the justification to appoint the Committee, a brief review of the relevant historical facts leading up to this current Chapter 11 case should be helpful.

It appears that the Movants were at one time employees of a corporation known as Glass Containers Corporation (Glass Containers) and were participants in the Group Comprehensive Medical & Dental Plan maintained by Glass Containers (the 1980 Plan). Glass Containers was acquired by Container General Corporation (Container General), which maintained a plan for the employees entitled "General Group Benefit Plan." In approximately 1985, an entity known as Diamond–Bathurst, Inc. (Diamond–Bathurst), acquired ownership of Container General. The record is devoid of any evidence proving which if any of the health insurance benefits plans were in effect at that time. In 1987, Diamond–Bathurst was acquired by Anchor Glass Container Corporation (Anchor No. 1), the predecessor of this Debtor, by which time the Movants were al-

ready retired, Mr. Simmons having retired on May 1, 1985; Ms. Rose in October of 1984; and Mr. Miller in April of 1984. Notwithstanding their retirement, it is without dispute that they remained participants in the benefits plan maintained by Anchor No. 1, and they were covered by the Anchor Plan, which is referred to as Plan 9, or the 1988 Plan. Be that as it may, under the 1988 Plan, the retirees were entitled to participate in the health and welfare plan for themselves and their qualified dependents for the rest of their lives. However, the Summary Plan Description of the 1988 Plan reserved the right to the Plan Administrator (at that time Anchor No. 1) to change or eliminate benefits under the plan and or to terminate the plan or portions of it. (Debtor's Exh. No. 8).

What triggered the present controversy is a letter written by the Manager of Benefits Administration of the Debtor, on July 20, 2005 (the Letter), notifying, among others, the Movants, that the Plan in which the Movants were participants was modified, effective October 1, 2005, to the effect that thereafter if the Movants want to participate in the Plan they will have to pay all premiums required by the provider.

These are the salient facts as they appear from the record. The narrow issue before this Court is the Movants' right to have a committee for the retirees appointed pursuant to Section 1114(d). Not before this Court at this time is whether or not the Debtor can modify or terminate the benefits it may owe to its salaried retirees.

■ In the narrow context of the appointment of a committee of retired employees, the applicable provision is found in Section 1114(d), which provides:

> "The court, upon a motion by any party in interest, and after notice and a hearing, shall appoint a committee of retired employees if the debtor seeks to modify

or not pay the retiree benefits or if the court otherwise determines that it is appropriate, to serve as the authorized representative, under this section, of those persons receiving any retiree benefits not covered by a collective bargaining agreement."

11 U.S.C. § 1114(d). From the plain language of the statute, this Court is required to appoint a committee, but only *"if* the debtor seeks to modify or not pay the retiree benefits." *Id.* (emphasis added).

The record reveals that on July 20, 2005, the Debtor sent a letter to a large group of retired employees. The Letter stated that, effective October 1, 2005, the retirees would have to pay for their health insurance benefits, although the Debtor would still maintain and manage the plan.

Although the Letter provided that the change to the plan, under which the individual would be responsible for the premiums, was effective on October 1, 2005, the change to the plan was effective as of the date of the letter. In the instant situation, the modification took place on July 20, 2005, when the Letter was sent, not on October 1, 2005, and well before the Debtor filed its Petition on August 8, 2005. This Court is satisfied that the Plan was modified pre-petition.

Therefore, it is clear that the Debtor does not seek to modify or not pay any retiree benefits in its Chapter 11 case; the modifications took place prior to the filing. As the Debtor does not seek to modify any retiree benefits, Section 1114(d) is not applicable. *See, In re Farmland Indus., Inc.,* 294 B.R. 903, 920 (Bankr.W.D.Mo. 2003). There is no need to appoint a committee of retired employees to negotiate with the Debtor where there is no post-petition attempt to modify or not pay any retiree benefits. The Movants requested relief under Section 1114(d), and indeed there is no other provision in the Bankruptcy Code that contemplates the appointment of a committee for retired employees.

■ The Movants maintain that Sections 1114(e) and 1114(*l*) are applicable. Section 1114(e) requires that the debtor in possession "timely pay and not modify any retiree benefits." 11 U.S.C. § 1114(e). However, as discussed above, the modification to the Plan was done by Anchor Glass Container Corporation pre-petition, not while it was operating as a debtor in possession. By its plain language, section 1114(e) is not applicable to a pre-petition modification of retiree benefits.

■ Section 1114 also contains a new provision that allows for the reinstatement of retiree benefits modified prior to filing for bankruptcy protection. Section 1114(*l*), applicable to cases filed on or after April 20, 2005, provides:

"If the debtor, during the 180–day period ending on the date of the filing of the petition—

(1) modified retiree benefits; and

(2) was insolvent on the date such benefits were modified;

the court, on motion of a party in interest, and after notice and a hearing, shall issue an order reinstating as of the date the modification was made, such benefits as in effect immediately before such date unless the court finds that the balance of the equities clearly favors such modification."

11 U.S.C. § 1114(*l*). This provision necessarily involves litigation directed at the balance of the equities consideration required before the benefits are reinstated. The prospect of litigation entails determining who should prosecute the action, the individual movants or any other interested parties, or a Committee of retired employees. Unlike Section 1114(e), which con-

templates motions brought by, and the debtor negotiating with, an "authorized representative," Section 1114(*l*), similar to Section 1114(d), depends upon a motion brought by a "party in interest." Section 1114(*l*) does not require, nor does it contemplate, the appointment of a committee.

■ Section 1114(d) also contains a provision that allows a court, in its discretion, to appoint a committee. Considering the circumstances of this Chapter 11 case, this Court is satisfied that it should not exercise its discretion to appoint a committee. In the context of this case, in which a plan of reorganization is due to be filed shortly and the Debtor plans to emerge quickly from bankruptcy protection, the appointment of a committee would cause delay that would be detrimental to all parties in interest. *See, In re N. Am. Royalties, Inc.,* 276 B.R. 860, 868 (Bankr.E.D.Tenn. 2002). Based on the foregoing, considering the narrow issue before this Court, the Motion to Appoint should be denied.

Accordingly it is

ORDERED, ADJUDGED AND DECREED that Motion to Appoint a Committee to Represent Retired Employees Pursuant to Section 1114 of the Bankruptcy Code (Doc. No. 585), filed by Robert L. Simmons, Edna Rusnak, and Hiram Miller, be, and the same is hereby, denied.